# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROBERT E. WHITE,**

      **Plaintiff,**

  v.                                      **Civil Action 2:18-cv-155**
                                            **JUDGE ALGENON L. MARBLEY**
                                            **Magistrate Judge Jolson**

**FEDERAL MORTGAGE
ASSOCIATION, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION
## & ORDER

Plaintiff, Robert E. White, an Ohio resident who is proceeding without the assistance of counsel, filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2) as well as a Complaint (Doc. 1) on February 22, 2018. This matter is now before the undersigned for consideration of Plaintiff's Motion and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). However, having performed an initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this case.

## I.    LEGAL STANDARD

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S.

319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> * * *
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

II. **DISCUSSION**

In his Complaint, Plaintiff has labeled himself as the "Consumer," and has purported to bring this case on behalf of the United States. (*See generally* Doc. 1). He asserts the following claims:

CLAIM FOR FRAUD VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICE ACT, OHIO CONSUMER SALES PRACTICES ACT, CONSPIRACY TO COMMIT FRAUD, SLANDER OF TITLE, VIOLATION OF CFPDA, TILA, FTC, PREJURY, TREASON, PIRACY, ENGAGING IN HARASSING, OPPRESSIVE, ABUSIVE CONDUCT, DECEPTIVE PRACTICES, DEFAMATION OF CHARACTER, ARMED ROBBERY, RECEIVING & SELLING STOLEN PROPERTY, MAIL FRAUD, WIRE FRAUD, TAX EVASSION [sic], IMPERSONATING THE UNITED STATES AND VIOLATING THE CONSTITUTION OF THE UNITED STATES OF AMERICA

(Doc. 1 at 1). Plaintiff has named a number of defendants: Federal National Mortgage Association; Reimer Law Co.; Robert G. Montgomery, Franklin County Recorder Office; Iris Jin, Assistant Prosecuting Attorney, County of Franklin; Maryellen O'Shaughnessy, Clerk of Court; Treasurer of Franklin; Equitable Mortgage Corporation; Expedient Title; Constellation Enterprises LLC et al.; ACE Mortgage Funding; Seterus, Inc.; and Supra and Autumnwood Investments, Brain Knoppe. (*Id.*).

Plaintiff begins his "substantive allegations" by discussing the "foreclosure crisis since mid-2007" and the complexity of the law, and then proceeds to discuss a case that the undersigned assumes was Plaintiff's foreclosure action in the Franklin County Court of Common Pleas. (*See* Doc. 1 at 3–4). Next, Plaintiff seems to cite certain "transactions" involving a number of the Defendants. (*Id.*). Plaintiff does not, however, assert wrongdoing on the part of any Defendant related to these transactions. Indeed, the transactions listed are indiscernible. For example:

> **Seterus, INC. ITS SUCCESSORS AND/OR ASSINGS** [sic] P.O BOX 961299, FORT WORTH, TX 76171 ref. Loan number xxxxxx6843 Primary dwelling amount of insurance **367,400.00**. Seterus has directed **QBE Insurance Corporation** 88 Pine Street, 16th Floor New York, NY 10005 C/O CT Corporation System 116 Pine Street Suite 320 Harrisburg, PA 17101 (An insurance binder is temporary proof of insurance until a formal policies is issued. [sic]

3

(*Id.* at 4).  Plaintiff then cites the "Veterans Entrepreneurship Act of 2015,'' Public Law 114-38, and the Truth in Lending Act, 15 U.S.C. 1601, *et seq.* (Doc. 1 at 5–9).  But again, Plaintiff does not allege that any Defendant violated these laws.

Plaintiff subsequently discusses the requirements of default judgment and asks this Court to enter "default judgment against Federal National Mortgage Association, *et al*., for violations of the CFPA and the (FDCPA)." (*Id.* at 10).

The next page of the Complaint is titled "Brief for the United States as Amicus Curiae Supporting Petitioners." (Doc. 1 at 11).  Plaintiff avers that he is enforcing certain laws, he has authority to enforce the Constitution of the United States and has authority over Debt Collectors, and he is in the United States; thus, the United States has an interest in this lawsuit. (*Id.*)  Next, Plaintiff asks "federal questions":

> 66. Association: District Courts standing enforcing the Fair Debt Practices Act, 15 U.S.C. 1692[A (7)].  What is the association of the debt collectors'?
>
> 67. Why the recession and the cease and desist notices not acknowledged?
>
> 68. Why are their undocumented, unincorporated entities trespassing in commerce?
>
> 69. Why are these entities doing business illegal acts in your district?
>
> 70. Pursuant 15 U.S.C. 1692 C, defendant must go through the United States / or a Court of competence to collect a debt?
>
> 71. What Jurisdiction are these LLC's, LLP's and LPA's (debt collectors), in?
>
> 72. Why wasn't their proper verification shown? (5013c)
>
> 73. Who are the Debt collectors in this matter, the Principal or the Interest?
>
> 74. Are the debt collectors' organized for profit?
>
> 75. Pursuant 1692 CFPB; 1681, in commerce the consumer is not the subject to certain taxes, or article 1 courts; Entities' cannot be undocumented associations

and be in commerce. Is it Tax evasion the reason these debt collectors' are doing business in interstate commerce in your district?

76. Are [the Debt collectors'] in compliance with 15 U.S.C. Commerce and Trade Act 1443?

77. The primary transaction [was/ is] a consumer transaction, for personal family household purposes. Is it Tax evasion, these abusive practices were exercised?

(Doc. 1 at 11–12).

As for damages, Plaintiff seeks declaratory relief as well as $30,862,268.88 for himself and his family. (Doc. 1 at 19).

As noted above, a complaint is frivolous "where it lacks an arguable basis in law or in fact, including fanciful allegations." *Neitzke*, 490 U.S. at 325. The undersigned finds that much of the Complaint fits this definition, especially because of Plaintiff's request for extraordinary damages and the assertion that Plaintiff has brought this case on behalf of the United States.

Further, and also as noted, a complaint may be dismissed for failure to state a claim if the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Even reading the Complaint liberally, Plaintiff fails to allege any coherent facts that could support a claim against any Defendant (let alone all of them). Further, the Court is unable to review Plaintiff's claims for considerations like the statute of limitations, because no specific "violation" dates are articulated. *See In re Fox*, 391 B.R. 772, 779 (Bankr. N.D. Ohio 2008) (explaining the Federal Truth in Lending Act's (TILA) one year statute of limitations for claims seeking damages) (citing 15 U.S.C.A. § 1640)). In addition, assuming Plaintiff is attempting to challenge his state-court foreclosure action, *see, e.g.*, Doc. 1 at 3–4, *res judicata* and the Rooker-Feldman doctrine would bar such a claim. *See Daina v. Carrington Mortg. Servs.*, LLC, No. 1:17-CV-01607, 2018 U.S. Dist. LEXIS 3066, at *2–3 (N.D. Ohio Jan. 8, 2018) (dismissing plaintiff's challenge to the validity of her state-court foreclosure action

because "*res judicata* stops a party who has received a final judgment on the merits of a claim from bringing a subsequent lawsuit on the same claim . . ." and the "Rooker-Feldman Doctrine [prevents] a party losing his case in state court [from filing] an action in a Federal District Court claiming in essence that the state court judgment itself violated his or her federal rights"). Consequently, the Court finds that the Complaint fails to state a claim upon which relief can be granted.

## III.  CONCLUSION

Based upon the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen, for the reasons set forth above, it is **RECOMMENDED** that this case be **DISMISSED**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: March 9, 2018                          /s/ Kimberly A. Jolson
                                                                 KIMBERLY A. JOLSON
                                                                 UNITED STATES MAGISTRATE JUDGE