# IN THE UNITED STATES
# DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT E. WHITE** | : | |
| **Plaintiff,** | : | Case No. 2:18-cv-155 |
| | : | **JUDGE ALGENON L. MARBLEY** |
| v. | : | Magistrate Judge Jolson |
| **FEDERAL MORTGAGE ASSOCIATION, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## **OPINION & ORDER**

This matter is before the Court on Plaintiff's Objection (ECF No. 5) to the Magistrate Judge's March 9, 2018 Report and Recommendation (ECF. No. 4), recommending that the Court dismiss this case pursuant to 28 U.S.C. § 1915. Upon independent review of this Court, and for the reasons set forth below, Plaintiff's Objections are hereby **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. This case is dismissed.

## I. BACKGROUND

Plaintiff filed a Complaint (ECF No. 1) with this Court on February 22, 2018, asserting a series of claims and naming twelve defendants. (ECF No. 1 at 1). Plaintiff begins the portion of the Complaint entitled "substantive allegations" by describing the "foreclosure crisis since mid-2007". Plaintiff then cites a series of transactions that purportedly involve the Defendants. (*Id.* at 3-4). Plaintiff alleges that Defendants violated laws such as the Fair Debt Collection Practice Act and the Ohio Consumer Sales Practice Act.

Plaintiff recites the requirements of default judgment and asks this Court to enter "default judgment against Federal National Mortgage Association, *et al*., for violations of the CFPA and

the (FDCPA)." (ECF No. 1 at 10). Plaintiff seeks declaratory relief as well as $30,862,268.88 for himself and his family. (ECF No. 1 at 19).

The Magistrate Judge found this Complaint to be frivolous as it lacks an "arguable basis in law or in fact." (ECF No. 4 at 5) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)) (internal quotations omitted). Furthermore, the Magistrate Judge found that Plaintiff fails to state a claim against any Defendant even under a liberal reading of the Complaint. (*Id.*). Because Plaintiff's Complaint was both frivolous and failed to state a claim, the Magistrate Judge recommended that the Court dismiss this case.

## II. STANDARD OF REVIEW

Plaintiff does not offer specific objections to the Magistrate Judge's Report and Recommendation throughout the Objection. Instead, as in the Complaint, Plaintiff lists a series of claims, largely comprising the recitation of legal standards. (EFC No. 5). The Objection does not address any of the Magistrate Judge's reasons for recommending that the case be dismissed pursuant to Fed R. Civ. P 8(a)(2) and/or 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Instead, because no specific arguments within the Report and Recommendation are addressed by Plaintiff, it appears that Plaintiff objects to the Report and Recommendation generally.

As this Court has held, "[a] general objection to the entirety of [a] magistrate's report has the same effects as would failure to object." *Anderson v. County of Hamilton*, 780 F.Supp 2d 635, 642 (S.D. Ohio 2011) (*quoting Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)) (internal quotations omitted). Furthermore, there is no requirement for a district court to review aspects of a magistrate's report where a party has failed to make a specific objection. *Id.* (*quoting Thomas v. Arn*, 474 U.S. 140, 149-50 (1985)). Plaintiff's complaint, however, is held to, "less stringent standards than formal pleadings drafted by

2

lawyers" because Plaintiff is proceeding *pro se*. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Generally, when proceeding *pro se*, plaintiffs are held to more liberal standards in the evaluation of their complaints. The Court will therefore review the objection and make a de novo determination as directed under 28 U.S.C. § 636(b)(1).

## III.    ANALYSIS

Although Congress enacted 28 U.S.C. § 1915 to "lower judicial access barriers to the indigent", it also recognized that plaintiffs proceeding *in forma pauperis* lacked "an economic incentive to refrain from filing frivolous, malicious, or repetitive suits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). To counter this possibility, Congress included subsection (e) as part of the statute. Article 28 U.S.C. § 1915(e) provides, in relevant part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*     \*     \*
>
> (B) the action or appeal
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Thus, § 1915(e) requires *sua sponte* dismissal of an action if an action is frivolous or malicious or upon determination that the action fails to state a claim upon which relief may be granted.

A complaint is frivolous "where it lacks an arguable basis in law or in fact, including fanciful allegations." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Importantly, the plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

3

*Twombly*, 550 U.S. 544, 547 (2007). The mere recitation of a legal standard, legal conclusion, or the elements of a certain offense is insufficient—specific facts must support these legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). To assert facial plausibility, the plaintiff must plead factual content that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Importantly, the claim to relief must indeed be *plausible* on its face, rather than merely conceivable. *Id.* Plaintiff need not provide a "heightened fact pleading of specifics," but must "provide enough facts to state a claim to relief that is plausible on its face." *Id.* *Pro se* litigants are entitled to less stringent standards, but even when applying such less stringent standards, plaintiffs are still required to meet standards established by *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* as regards the failure-to-state-a-claim standard found in § 1915(e). *Hill v. Lapin*, 630 F.3d 468, 470-71 (6th Cir. 2010). According to 28 U.S.C. § 1915(e)(2), a case can be dismissed if an action or appeal is either frivolous or fails to state a claim. In the present case, Plaintiff's Complaint is both frivolous and fails to state a claim.

Throughout the Complaint, Plaintiff does not provide an arguable basis in law or in fact for the presented claims. Plaintiff's Complaint is composed largely transactions that do not establish a basis for Plaintiff's claims. (ECF No. 1). Accordingly, Plaintiff's Complaint is frivolous per the *Neitzke* standard, and is thus barred by 28 U.S.C. § 1915(e). Furthermore, the listed transactions within the Complaint are offered without elaboration or analysis. Those facts that are included are not sufficient to establish facial plausibility per *Twombly* and *Iqbal*. Such facts must, "be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An example of such an allegation is, "[t]he debt collectors have engaged in widespread conspiracy to deceive the Ohio court and borrowers by fabricating

4

thousands of mortgage assessments." (ECT No. 1 at 14). This claim, alleging conspiracy, is not supported by additional facts, meaning that the allegation fails to rise above the speculative level. The Objection (and indeed the Complaint) are not rooted in facts that may allow Plaintiff's Claim to attain facial plausibility per *Twombly* and *Iqbal*.

As indicated in the Report and Recommendation, the *Rooker-Feldman* doctrine also bars any and all potential challenges to Plaintiff's state-court foreclosure action, as the "Rooker-Feldman Doctrine [prevents] a party losing his case in state court [from filing] an action in a Federal District Court claiming in essence that the state court judgment itself violated his or her federal rights." *Daina v. Carrington Mortg. Servs.*, LLC, No. 1:17-cv-01607, 2018 U.S. Dist. LEXIS 3066 at *2-3 (N.D. Ohio Jan. 8, 2018). In the Complaint, Plaintiff mentions that the Court of Common Pleas of Franklin County (a state court) as having ruled on Plaintiff's foreclosure. (ECF No. 1 at 4). Plaintiff then asserts that his, "personal, family household...is the subject of this action." (*Id.* at 12). Consequently, the *Rooker-Feldman* doctrine prohibits this Court from having subject-matter jurisdiction over this case as it involves a state court decision to foreclose Plaintiff's property.

Plaintiff's Complaint fails to state a claim upon which relief can be granted, as it recites legal standards and asserts legal conclusions without providing sufficient factual basis to establish facial plausibility. Plaintiff's Complaint is also frivolous, lacking an arguable basis in law and fact. Finally, Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine, as it seeks relief by way of appealing a state court decision. Plaintiff's Objection to the Magistrate Judge's Report and Recommendation does not counter the Report and Recommendation, even under a liberal reading of the Objection and Complaint. Per 28 U.S.C. § 1915(e)(2), Plaintiff's Complaint is therefore dismissed.

## IV.    CONLCUSION

For these reasons, Plaintiff's Objection is hereby **OVERRULED**. The Court adopts the Magistrate Judge's Report and Recommendation. This case is **DISMISSED**.

**IT IS SO ORDERED.**

                                                s/Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**Dated: June 22, 2018**